UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PANHANDLE EASTERN PIPE LINE, COMPANY, L.P., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 1:16-cv-02288-JMS-DLP ) |
| JOSEPH F. PLUMMER, et al., | ) ) |
| Defendants. | ) |

# ORDER

On March 27, 2018, the Court granted in part Plaintiff Panhandle Eastern Pipe Line Company, L.P.'s ("Panhandle") Motion for Summary Judgment and denied Defendants Joseph and Deborah Plummer's Motion for Summary Judgment. [Filing No. 100.] The Court held that the undisputed evidence demonstrated that the Plummers had interfered with Panhandle's rights-of-way and that Panhandle is entitled to a permanent injunction. [Filing No. 100 at 21-24.] The Court ordered Panhandle to "submit a proposed permanent injunction which complies with Rule 65(d)(1)." [Filing No. 100 at 24.]

Panhandle has submitted a proposed permanent injunction, [Filing No. 108], and the Plummers have responded, [Filing No. 114]. Panhandle's submission asks the Court to require the Plummers to comply with numerous terms of the Settlement Agreement and Easement Amendment, to "permanently move all structures" from the 100 Line right-of-way, and to permit Panhandle to clear "all growth and obstructions" except for certain "Hedges" and "Mature Trees," among other things. [Filing No. 108 at 1-3.] The Plummers propose several alterations to Panhandle's proposal and further request that certain injunctive relief be entered in their favor, also suggesting that a truck body be permitted to remain to mark a septic system which crosses a

right-of-way. [Filing No. 114.] In reply, Panhandle argues that the Plummers are not entitled to any injunctive relief, that the Plummers' proposed changes are inappropriate or unsupported by evidence, and that the truck body is an impermissible encroachment. [Filing No. 115.]

As an initial matter, the Plummers are not entitled to any injunctive relief in their favor, nor are they entitled to any carve-out for the truck body parked to mark the septic system. A party seeking a permanent injunction must demonstrate "success on the merits," among other things. *Ferrell v. Dunescape Beach Club Condos. Phase I, Inc.*, 751 N.E.2d 702, 712 (Ind. Ct. App. 2001). The Plummers achieved no success on the merits of their claims and have provided no basis for the relief they seek.

The Court next turns to Panhandle's proposed permanent injunction. As the Court explained in its Order on summary judgment, the contents of a permanent injunction are governed by Rule 65(d):

> Every order granting an injunction and every restraining order must:
> **(A)** state the reasons why it issued;
> **(B)** state its terms specifically; and
> **(C)** describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required.

Fed. R. Civ. P. 65(d)(1). The Seventh Circuit has "insisted on strict compliance with these requirements." *United States v. Apex Oil Co., Inc.*, 579 F.3d 734, 739 (7th Cir. 2009) (collecting cases). "The aims of Rule 65(d) are to minimize the occasion for follow-on proceedings to the issuance of an injunction and to protect defendants from being held in contempt for failure to follow a directive that was a trap because of its ambiguity." *Id.*

Panhandle's proposed permanent injunction remains impermissibly imprecise and continues to refer to outside documents to describe "the act or acts restrained or required." Fed. R. Civ. P. 65(d)(1)(C). The parties' briefing sheds significant light on why this may be—it is

difficult if not impossible for Panhandle to specifically describe what needs to be done or restrained in the abstract, without physically observing the current condition of the rights-of-way.

In order to ensure that the Court's permanent injunction meets the Seventh Circuit's standards for specificity and detail, the Court **ORDERS** the parties, at Panhandle's convenience, to conduct a joint inspection of the rights-of-way at issue to identify the appropriate subjects for injunctive relief. Specifically, the Court **ORDERS** the Plummers to permit Panhandle's representatives and counsel to access their property in order to conduct the inspection. The Plummers and their counsel may accompany Panhandle's representatives and counsel during the inspection. Following the inspection, the parties should endeavor to reach an agreement on as much of the injunction content as possible. The parties may submit any appropriate evidence, such as photographs or video, to support their positions on any remaining areas of disagreement. The Court **ORDERS** the parties to conduct the required inspection on or before **July 31, 2018**. Panhandle shall have **14 days** following the inspection to file an amended proposed injunction that reflects the findings of the inspection and complies with Rule 65(d)(1). Briefing will proceed under the schedule set forth in Local Rule 7-2(c)(2).

As the Court earlier held, Panhandle is entitled to reasonable attorney's fees pursuant to section 7 of the Settlement Agreement. Panhandle may therefore file a supplement to its Motion for Attorney's Fees contemporaneous with its briefing on the amended proposed injunction to recover fees and expenses from the joint inspection. Panhandle's currently-pending Proposed Permanent Injunction [108], which is designated as a motion on the Court's docket, and Motion for Attorney's Fees [109] are **DENIED WITHOUT PREJUDICE** to renewal as set forth above.

Date: 6/20/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record**