UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| PANHANDLE EASTERN PIPE LINE, COMPANY, L.P., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 1:16-cv-02288-JMS-DLP ) |
| JOSEPH F. PLUMMER, DEBORAH L. PLUMMER, | ) ) ) ) |
| Defendants. | ) |

## ENTRY

Panhandle owns rights of way on the Plummers' property for two of its pipelines. On summary judgment, the Court held that the undisputed evidence established that the Plummers had obstructed Panhandle's rights to access its rights of way. [Filing No. 100.] The Court also held that Panhandle's success triggered the attorney's fees provision of the 1999 Settlement Agreement. [Filing No. 10-2 at 6.] The Court ordered, however, that a determination on the amount of fees should wait until the remaining issue of injunctive relief had been resolved "[t]o allow the Court to assess the reasonableness of the fee request in light of the entire litigation." [Filing No. 100 at 21.] Panhandle duly filed a petition for attorney's fees in connection with its first proposed permanent injunction. [Filing No. 109.] After the Court ordered the parties to conduct a physical inspection of the Plummers' property and to submit a revised, particularized proposed permanent injunction, the Court explained that "Panhandle may . . . file a supplement to its Motion for Attorney's Fees contemporaneous with its briefing on the amended proposed injunction to recover fees and expenses from the joint inspection." [Filing No. 117 at 3.] Now pending before the Court is Panhandle's supplemental fee petition, [Filing No. 123], which is fully briefed. In total, Panhandle requests $152,843.90 in fees and $3,583.57 in expenses and costs.

The Plummers' first objection to Panhandle's fee request is that "Panhandle did not file a renewed motion for attorney's fees" and that its award should therefore be limited to those amounts incurred between Panhandle's initial fee petition and amended fee petition. [Filing No. 129 at 1.] This would result in an award of $13.63 in expenses and $6,434.60 in fees. In reply, Panhandle asserts that the Plummers' objection is meritless because Panhandle fully complied with the Court's direction to file a "supplement to its Motion for Attorney's Fees" by limiting its newest filing to discussing its fees and costs incurred since it filed its first fee petition. [Filing No. 133 at 2 (quoting Filing No. 117 at 3).]

The Plummers' argument is meritless. The Court directed Panhandle to file a "supplement"—not to rehash its initial fee petition, to which the Plummers already had the opportunity to, and in fact did, respond. This was the Court's effort to conserve the parties' resources and avoid duplicative briefing, primarily to benefit the Plummers who, in theory, would not have had to pay for Panhandle to brief the issues a second time. Panhandle complied precisely with the Court's directions, and there is no basis for limiting Panhandle's fees to those requested in its supplement.

Second, the Plummers nitpick at several of Panhandle's litigation decisions and expenses and at times suggest that the Court should employ a lodestar approach in evaluating Panhandle's petition. [Filing No. 113.] But the Seventh Circuit has explained why such scrutiny would be inappropriate under the circumstances of this case:

> This argument neglects the distinction between attorney's fees shifted by statute and those shifted by contract. It is true that we have required lodestar analysis for statutory fee-shifting schemes. Fees shifted by contract are a different matter. Because fee-shifting occurs as a result of the parties' *ex ante* private ordering, we have held that fees shifted pursuant to a contractual provision "require reimbursement for commercially-reasonable fees no matter how the bills are stated." *Matthews v. Wisconsin Energy Corp., Inc.,* 642 F.3d 565, 572 (7th Cir. 2011) (citations omitted). The inquiry into commercial reasonableness "does not

require courts to engage in detailed, hour-by-hour review of a prevailing party's billing records." *Id.* (upholding a contractual fee-shifting award even though the "request lacked any description of the work performed").

There is less need to police the reasonableness of fees shifted pursuant to a contract because the parties to a contract expressly consent to and define the terms of the fee shifting. . . . We see no reason to curtail parties' ability to define the terms of their fee arrangements with lawyers. This is quite different from a statutory obligation to pay the opponent's fees, where the party responsible for the fees does not consent to the arrangement and has no say in determining how fees will be calculated.

*Johnson Controls, Inc. v. Edman Controls, Inc.*, 712 F.3d 1021, 1027 (7th Cir. 2013).

Consistent with the Seventh Circuit's guidance, the Court finds no reason to second-guess Panhandle's litigation decisions, the expenses for which are supported by documentation. The Plummers question the number of attorneys who spent time on this case, but as Panhandle points out, several of these attorneys spent very little time on the matter. The Plummers also assert that Panhandle achieved limited success in the form of a $6,000 damages award and a permanent injunction, but ignore the importance of the property rights at issue, which ultimately led to the Court's issuance of a permanent injunction. [*See* Filing No. 100 at 22-24.] Panhandle has achieved essentially complete success on all of the claims raised in its Amended Complaint and on the Plummers' counterclaim, warranting substantially all of its requested fees. The fact that insubstantial damages were at issue underscores the importance of the fee-shifting provision in this case. Next, the Plummers argue that they paid their attorneys significantly less than Panhandle has paid its attorneys, but fail to explain how this is relevant to the reasonableness inquiry in this case. Panhandle was also entitled to send its attorney to conduct an in-person deposition of the Plummers' allegedly key witness instead of relying upon Skype. Finally, the Court must point out that attorney's fees in this matter have ballooned in no small part due to the Plummers' decision to pursue a previously-settled abandonment claim, [*see* Filing No. 100 at 12-13], and their behavior

3

in discovery, [*see, e.g.*, Filing No. 64; Filing No. 100 at 17 n.8]. In short, the Plummers' arguments are not well-taken.[1]

The Court has reviewed Panhandle's petition and supplement and finds the requested fees, hours, costs, and expenses to be "reasonable" under the Settlement Agreement. [Filing No. 10-2 at 6.] The lone exception is Panhandle's request for fees incurred in complying with the Court's Order directing the parties' to file corrected summary judgment briefing in compliance with the citation format mandated by the undersigned's Practices and Procedures. [*See* Filing No. 91.] Panhandle should have complied with the Practices and Procedures in the first instance. The Court therefore finds these fees to be unreasonable, and therefore deducts 16 hours from associate Derek Raymond's time billed at $200 per hour and 2.4 hours from partner Ryan Vershay's time billed at $250 per hour, for a total reduction of $3,800. [*See* Filing No. 109-1 at 75-76.] In sum, the Court awards Panhandle $149,043.90 in attorney's fees and $3,583.57 in costs and expenses for a total award of **$152,627.47**, which will be incorporated in the judgment contemporaneously entered herewith.

Date: 10/22/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

---

[1] The Settlement Agreement states that "The party found to be in breach of or in violation of any provision of this Agreement (but not [the Easement Amendment]) shall pay all costs and expenses including reasonable attorneys' fees of the prevailing party in any enforcement action or proceeding connected thereto." [Filing No. 10-2 at 6.] The Court notes that at no point have the Plummers argued that they have breached the Settlement Agreement but not the Easement Amendment, such that a reduction of fees attributable solely to the violation of the Easement Amendment would be appropriate. Any such argument is therefore waived. Even if it were not waived, as the Court observed on summary judgment, the Settlement Agreement, which provides for fee shifting, incorporated by reference the Easement Amendment's dispositive terms regarding obstructions on the rights of way and Panhandle's right to clear the rights of way.

**Distribution via ECF only to all counsel of record**